The Useful Homes Corporation owned a tract of land in the borough of South Plainfield, which it laid out in building lots and plotted the same on "Map of Borough Park." The corporation made a contract in writing, to convey to Katryn Timko and her husband, now deceased, lots Nos. 32 and 33 in block F on the map, upon a down payment of $300 and $10 per month thereafter until the consideration of $1,000 was paid. The complainant paid $460 in installments, up until September 28th, 1928, when the corporation conveyed all the lots on the map, standing in its name, to the Sunshine Home Builders, Incorporated, which assumed all installment contracts, and thereafter collected from the complainant additional installments amounting to $320 payment in full of her installments to December 23d 1931, when she asked for a deed, offering to pay the balance due. This was not forth-coming, *Page 434 
for, shortly after the Sunshine Home Builders, Incorporated, acquired title, it sold the complainant's lots to Bertha Madacsi for $1,100 and the complainant demanded the price received from Madacsi. Instead, the Sunshine Home Builders, Incorporated, offered her a deed for the lots, it having repurchased them from Madacsi, and given credit to Madacsi for the repurchase price on moneys due from her on the sale of other lots she had purchased. The bill is to recover the $1,100 paid for the lots by Madacsi, December 11th, 1928, with interest.
The Useful Homes Corporation, upon making its contract with the Timkos, held the lots in trust for them (Haughwout v. Murphy,22 N.J. Eq. 531), and the Sunshine Home Builders, Incorporated, assumed the trust when it acquired the legal title; and when it sold the lots to Madacsi, it became charged with the price upon the same trust. The repurchase of the lots and its offer to convey them, cannot relieve the Sunshine Home Builders, Incorporated, from paying to the complainant the price received from Madacsi. It is optional with the complainant to demand the price or a conveyance, but the option is absolute in her. She has made her choice, and the defendant is bound by it. In Oliver v.Piatt, 44 U.S. 333 (at p. 401), Mr. Justice Story says: "This right or option of the cestui que trust is one which positively and exclusively belongs to him, and it is not in the power of the trustee to deprive him of it by any subsequent repurchase of the trust property, although in the latter case the cestui quetrust may, if he pleases, avail himself of his own right, and take back and hold the trust property upon the original trust; but he is not compellable so to do," and he observes that "the option in such cases to take the new or original fund is, therefore, exclusively given to the cestui que trust and is given to him for the wisest purpose and upon the soundest public policy, and is to aid in the maintenance of right and in the suppression of meditated wrong." The principle was applied inBohle v. Hasselbroch, 64 N.J. Eq. 334.
The principle is of course applied only in instances of wrongful conduct by the trustee. In the instant case it does not appear that the sale of the complainant's lots to Madacsi *Page 435 
was accidental. Sunshine Home Builders, Incorporated, is presumed to have intended the consequences of its act and is bound as a matter of law and accountable for its breach of duty. If the sale to Madacsi was by oversight, a mistake, it could have relieved itself; but the burden was upon it to establish the inadvertence, and that was not attempted, and perhaps for this reason: The tract was subject to a blanket mortgage of a sizeable sum. The Useful Homes Corporation fell into financial difficulties, and, unable to carry the enterprise, was taken over by the Sunshine Builders, Incorporated, a reorganization. The officials of the Sunshine Builders, Incorporated, when they sold the complainant's lots were none too careful of her rights, and it would appear, were under a cloud when the new, the present officials, were forced to take over the management. After the complainant made demand for her deed, they sought to make amends, by recapturing the title to the lots, but we cannot distinguish between managements; the corporation is the responsible trustee. Failure to show the sale to Madacsi was not an intentional fraud raises an inference that the proof could not be produced.
There was a sharp question as to whether the complainant made her demand before the defendant corporation was in position to convey to her. It is entirely immaterial, in view of her right to the proceeds, whether she exercised the option before or after the event.
 The complainant is entitled to recover. *Page 436